NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000986
31-MAR-2017
08:09 AM**

NO. CAAP-14-0000986

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
THOMAS A. RUSSO, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(2DCW-12-0000873)

SUMMARY DISPOSITION ORDER
(By: Fujise and Ginoza, JJ., with Nakamura, C.J.,
concurring and dissenting separately.)

Plaintiff-Appellant State of Hawaiʻi (State) charged
Defendant-Appellee Thomas A. Russo (Russo) with the wilful
failure or refusal to comply with the lawful order of a police
officer (Failure to Comply With Lawful Order), in violation of
Hawaii Revised Statutes (HRS) § 291C-23 (2007).[1]  The District
Court of the Second Circuit, Wailuku Division (District Court)[2]
dismissed this charge with prejudice on the ground that there was
no probable cause to support it.  The District Court ruled that
HRS § 291C-23 only applies to the operation of vehicles upon a
highway, and because the conduct underlying Russo's charge did
not involve his operation of a vehicle on a highway, there was no
probable cause for the charge.

---

[1]     HRS § 291C-23 provides:

        It shall be a petty misdemeanor for any person to wilfully
    fail or refuse to comply with any lawful order or direction of any
    police officer invested by law with authority to direct, control,
    or regulate traffic.

[2]     The Honorable Kelsey T. Kawano presided.

The State appeals from the District Court's July 9, 2014 Judgment that dismissed the charge of Failure to Comply With Lawful Order with prejudice.[3] The State argues that the District Court erred in dismissing this charge because the District Court misconstrued the application of HRS § 291C-21 to § 291C-23 in this case. The State also argues that, given the District Court's findings, there was probable cause for this charge.

As explained below, we conclude that the District Court erred in its basis for dismissing this charge. Contrary to the District Court's interpretation, HRS § 291C-23 is not limited to the operation of vehicles on the highway. In addition, based on the District Court's findings of fact, there was probable cause for the offense of Failure to Comply With Lawful Order.

I.

On the date in question, Maui Police Department (MPD) officers were involved in a traffic enforcement operation along Haleakala Highway. As part of this operation, officers standing on the side of the highway were directing vehicles with observed traffic law violations, such as those relating to lifted vehicles or window tints, to pull over. Russo was not directed by the officers to pull over, but did so on his own. Russo parked his car off the road, on a grassy shoulder of Haleakala Highway, got out of the car, and approached two MPD officers who were involved in the traffic enforcement operation. Russo's interaction with the officers was captured on a video recording he took with his cellular phone. The video recording was stipulated by the parties into evidence at the hearing on Russo's motion to dismiss.

II.

The District Court's dismissal of the Failure to Comply With Lawful Order charge against Russo was based on its interpretation of HRS § 291C-21 (2007), which provides:

---

[3] The District Court also dismissed a disorderly conduct charge against Russo arising out of the same incident for lack of probable cause. The State does not challenge the District Court's dismissal of the disorderly conduct charge on appeal, and the State concedes that the District Court "was right" in dismissing that charge.

2

[§ 291C-21] **Provisions of Parts III to XIV refer to vehicles upon the highways; exception.** The provisions of parts III to XIV relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except, where a different place is specifically referred to in a given section.

The District Court interpreted HRS § 291C-21 to mean that Parts III to XIV of HRS Chapter 291C only apply to the operation of vehicles upon highways, except where a different place is specifically referred to in the particular section. Based on this reading of HRS § 291C-21, the District Court concluded that because HRS § 291C-23 (which defines the Failure to Comply With Lawful Order offense) is in HRS Chapter 291C, Part III, HRS § 291C-23 only applied where the person who failed or refused to comply with a lawful order of a police officer was operating a vehicle upon a highway.

We conclude that the District Court's interpretation of HRS § 291C-21 was wrong. As the State points out, HRS Chapter 291C Parts III to XIV include provisions imposing restrictions on pedestrians, such as numerous provisions in Part VII (Pedestrians' Rights and Duties) and including HRS § 291C-71(a) which requires pedestrians to obey traffic control devices. Reading HRS § 291C-21, as the District Court did, to mean that the provisions in Parts III to XIV only apply to persons involved in the operation of vehicles upon highways would preclude enforcement of provisions imposing restrictions on pedestrians. Viewed in context and in light of the plain meaning of its terms, we conclude that HRS § 291C-21 means that where the provisions of HRS Chapter 291C Parts III to XIV relate to the operation of vehicles, only the operation of vehicles upon highways is covered unless a different place is specifically referred to in the provision.[4]

---

[4] We note that under HRS § 291C-1, the term "highway" is defined broadly to mean

the entire width between the boundary lines of every way publicly maintained and those private streets, as defined in section 46-16, over which the application of this chapter has been extended by ordinance, when any part thereof is open to the use of the public for purposes of vehicular travel.

In the context of this case, HRS § 291C-23 applies to Russo as a pedestrian and prohibits the wilful failure or refusal to "comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic." Therefore, the District Court erred in construing HRS § 291C-21 to limit HRS § 291C-23 to persons involved in operating a vehicle on a highway.

Here, the officers were engaged in directing, controlling, or regulating traffic when they interacted with Russo. Accordingly, the District Court erred in dismissing the charge on the basis that HRS § 291C-23 did not apply because Russo was not operating his vehicle on a highway when he interacted with the officers.

### III.

The State also argues that there was probable cause for the offense of Failure to Comply With Lawful Order. The District Court found that Russo (1) was informed by the officers involved in traffic enforcement that he was in their area of operations and in danger of being struck by a vehicle; (2) was told multiple times to step back out of the area of operations by two officers; and (3) did not comply with the officers' instructions. Based on these findings, we conclude that there was probable cause to support the charge of Failure to Comply With Lawful Order.

### IV.

Based on the foregoing, we vacate the District Court of the Second Circuit, Wailuku Divsion's July 9, 2014 order of dismissal and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, March 31, 2017.

On the briefs:

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Associate Judge

Benjamin E. Lowenthal and
Samuel G. MacRoberts,
for Defendant-Appellee.

Associate Judge

4